NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WALTER RICHARD BRUKARDT, *Appellant.*

No. 1 CA-CR 13-0915
FILED 3-5-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-007042-001
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

J O N E S, Judge:

¶1        Walter Brukardt appeals his convictions and sentences for one count of possession of methamphetamine, and one count of possession of drug paraphernalia.  After searching the entire record, Brukardt's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel asks this Court to search the record for fundamental error.  Brukardt was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do.  After reviewing the record, we find no error. Accordingly, Brukardt's convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        On April 7, 2012, law enforcement officers obtained consent to search a home as part of their investigation of a suspicious vehicle.  After locating Brukardt in a back room and discovering he had an outstanding felony arrest warrant, an officer obtained Brukardt's consent to enter the room.  The officer immediately observed a pipe commonly used to smoke methamphetamine that contained residue consistent with methamphetamine use on a table next to a silver box.  The officer obtained Brukhardt's permission to open the box, which contained a scale that had methamphetamine residue on it and a clear crystal-like substance the officer recognized as methamphetamine.

¶3        Brukhardt was arrested and advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  He then admitted he used methamphetamine daily for years, and explained that he used the scale to measure the drugs he purchased to ensure he did not get "ripped off."

---

[1]        "We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdicts."  *State v. Miles*, 211 Ariz. 475, 476, ¶ 2, 123 P.3d 669, 670 (App. 2005).

Brukardt further acknowledged the presence of the methamphetamine in the silver box, stating he did not believe it was a usable quantity.

¶4 Both field and laboratory testing confirmed the substance as methamphetamine. At trial, the State's expert opined the amount of methamphetamine seized by the officer from the silver box was a usable quantity.

¶5 Before the case was submitted to the jury, Brukardt's counsel made an unsuccessful Rule 20 motion, arguing insufficient evidence existed to convict Brukardt of the crimes charged. The jury then found Brukardt guilty of possession of methamphetamine, a dangerous drug, and drug paraphernalia, i.e. the scale.[2] Brukardt admitted having one prior felony conviction, and was sentenced to presumptive terms of imprisonment of 4.5 and 1.75 years respectively, with the sentences to run concurrently.

## DISCUSSION

¶6 After reviewing the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Reasonable evidence was presented to support the jury's verdicts that Brukardt possessed the methamphetamine and the scale he used to weigh it.

¶7 All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Brukardt was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Brukardt was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. The record reflects Brukardt's admission to the prior felony conviction was knowing, intelligent and voluntary, and in compliance with Arizona Rule of Criminal Procedure 17.6. Additionally, the sentence imposed was within the statutory limits.

## CONCLUSION

¶8 Brukardt's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Brukardt's representation in this appeal have ended. Defense counsel need do no more

---

[2] Brukardt was acquitted of a second count of possession of drug paraphernalia related to the pipe.

than inform Brukardt of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶9      Brukardt has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Brukardt thirty days from the date of this decision to file an *in propia persona* motion for reconsideration.



**Ruth A. Willingham** · **Clerk of the Court**
FILED : ama